## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 3:08CR322-HEH |
| | ) | |
| ROGER MENNER | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION
**(Denying Defendant's Motion to Strike Unauthorized Pleading)**

THIS MATTER is before the Court on the Motion to Strike Unauthorized Pleading,

filed by Defendant *pro se* on September 18, 2008. The Court will dispense with oral

argument because the facts and legal contentions are adequately presented in the materials

before the Court, and argument would not aid in the decisional process. For the reasons

stated herein, Defendant's Motion to Strike Unauthorized Pleading is DENIED.

### I.   BACKGROUND

On July 10, 2008, Defendant was charged with five (5) counts of making and

subscribing a false tax return in violation of 26 U.S.C. § 7206 and one (1) count of

obstructing and impeding the Administration of the Internal Revenue Service in violation of

26 U.S.C. § 7212(a). On July 25, 2008, Defendant made an initial appearance in front of the

Honorable Dennis W. Dohnal, United States Magistrate Judge, without counsel. Because of

a dispute related to his representation by counsel, his initial appearance was continued until

August 11, 2008. His arraignment was also continued to August 11, 2008.

Also on July 25, 2008, Defendant's chosen counsel, Oscar Stilley, submitted an

Application for Admission *Pro Hac Vice* ("Application"), which was not signed by a member of the bar of this Court acting as local counsel as required by Rule 57.4 of the Local Criminal Rules of the Eastern District of Virginia.[1]  On August 1, 2008, Defendant, acting *pro se*, filed a motion requesting the Court to waive the local counsel requirement in Rule 57.4.  In an Order, dated August 6, 2008, the Court denied Defendant's motion to waive the local counsel requirement and denied the Application because it lacked a signature from local counsel.

On August 11, 2008, Defendant made an initial appearance in front of the Honorable M. Hannah Lauck, United States Magistrate Judge.  Because no counsel had appeared on behalf of Defendant, Judge Lauck appointed Nia Vidal of the Office of the Federal Public Defender for the Eastern District of Virginia to represent Defendant.  After his appearance before Judge Lauck, Defendant appeared in this Court with Ms. Vidal to be arraigned on the charges against him.

Immediately upon the case being called, Defendant approached the podium to object to the appointment of Ms. Vidal as his counsel and requested that Mr. Stilley be allowed to represent him in the case.  He also renewed his motion to waive the local counsel requirement, which the Court again denied.  When the Court denied that motion, Defendant asked the Court to limit the involvement of local counsel in the case.  The Court denied

---

[1]Because it lacked a signature from local counsel, the Application was never filed by the Clerk.  From the Application, the Court cannot determine if Mr. Stilley is currently a licensed, practicing member of any bar, but it is undisputed that he is not a member of the Virginia State Bar or the bar of this Court.

2

Defendant's request.  The Court also assured Defendant that it would fairly evaluate any

properly filed application for admission *pro hac vice* filed by Mr. Stilley or any other

attorney he retained.  Defendant refused to be sworn for his arraignment and refused to enter

a plea to any of the charges.  The Court entered a not guilty plea for Defendant and

scheduled the case for trial on October 20, 2008.

On September 10, 2008, Ms. Vidal filed a Motion to Withdraw as Attorney,

contending that the Federal Public Defender was conflicted in its representation of

Defendant because one of its paralegals formerly worked for the United States Attorney in a

previous case against Defendant.  The Court held a hearing on the Motion to Withdraw on

September 18, 2008.  The Court denied the Motion to Withdraw, finding no conflict of

interest in Ms. Vidal's representation of Defendant based on the paralegal's former

employment with the United States Attorney.  On the same day of the hearing, Defendant,

acting *pro se*, filed his Motion to Strike Unauthorized Pleading.

Defendant contends that Ms. Vidal did not communicate with him before filing her

Motion to Withdraw, that he did not agree to her appointment as his counsel, and that she

was unlawfully appointed to represent him. (Mot. to Strike, ¶¶ 3–8.)  Defendant also

"vehemently opposes" the appointment of any counsel other than Mr. Stilley. (Mot. to

Strike, ¶ 10.)  Defendant also raised several other issues in his Motion to Strike, including

his right to the assistance of counsel, his right of self-representation, the Court's failure to

arraign him in accordance with Rule 10 of the Federal Rules of Criminal Procedure, and his

right to a speedy trial.  Specifically, Defendant demands to be represented by the counsel of

his choice, formal arraignment on the charges against him, and "full and technical compliance with the Speedy Trial Act as well as the constitutional right to speedy trial." (Mot. to Strike, ¶¶ 14–15.) If his requests are not granted, "Defendant demands and claims his right to proceed pro se." (Mot. to Strike, ¶ 16.)

## II.   ANALYSIS

As an initial matter, the Court finds that the stated purpose for Defendant's Motion—to strike Ms. Vidal's Motion to Withdraw—is moot. At the hearing on September 18, 2008, the Court found no conflict of interest in Ms. Vidal's representation of Defendant and denied her Motion to Withdraw. Therefore, the Court has no reason to address Defendant's request to strike the "unauthorized pleading," and his Motion to Strike will be denied as moot. Because Defendant raises several other issues in his Motion to Strike, however, the Court will address each of these in turn.

## A.   Defendant's Right to the Assistance of Counsel and Right to Self-Representation

### 1.   Defendant's Sixth Amendment Right to the Assistance of Counsel

The Sixth Amendment to the Constitution guarantees a criminal defendant "the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court of the United States has held that the Sixth Amendment affords the right to the assistance of counsel to a defendant—by appointment, if necessary—in criminal prosecutions. *Gideon v. Wainwright*, 372 U.S. 335, 343–45 (1963). Further, the recognized purpose of providing the assistance of counsel "is simply to ensure that criminal defendants receive a fair trial." *Strickland v. Washington*, 466 U.S. 668, 669 (1984).

4

The Sixth Amendment right to counsel, however, is not an absolute right. *Wheat v. United States*, 486 U.S. 153, 159 (1988). "[W]hile the right to select and be represented by one's preferred attorney is comprehended by the *Sixth Amendment*, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Id.* For instance, the Supreme Court has stated that the right of counsel of choice does not extend to defendant's who require appointed counsel. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006). In addition, the right to one's counsel of choice may be circumscribed by the Court's rules governing lawyers practicing before it. *Wheat*, 486 U.S. at 159 ("Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court."); *cf. Gonzalez-Lopez*, 548 U.S. at 151–52 (acknowledging that courts may establish standards for admitting lawyers to practice before them).

Defendant requests that his chosen counsel, Mr. Stilley, be allowed to represent him at trial. (Mot. to Strike, ¶ 15 ("Defendant demands his right to an attorney of his choice, his right to counsel of choice, and his right to 6th Amendment counsel.").) Mr. Stilley, however, is not a licensed member of the bar of this Court. Pursuant to Local Rule 57.4, Mr. Stilley may, upon motion of a member of the bar of this Court, be admitted *pro hac vice* for the purpose of representing Defendant. To date, however, the Court has not received any valid application for admission *pro hac vice* from Mr. Stilley that complies with the Local Rule 57.4. As noted, the Application, filed on July 25, 2008, lacked a signature from a

5

member of the bar of this Court and was denied for failure to comply with the Court's rules.

Defendant is free to retain any attorney he wishes to represent him at trial provided

that the attorney is properly admitted to the bar of this Court and is familiar with and

complies with the Court's procedural rules.  To date, no attorney has done so on

Defendant's behalf.  Accordingly, Defendant's motion to have Mr. Stilley represent him will

be denied.  The Court may revisit this ruling if and when Mr. Stilley submits a valid

application for admission *pro hac vice* that complies with Local Rule 57.4.

### 2.      Defendant's Sixth Amendment Right of Self-Representation

A corollary to the right to the assistance of counsel is the right of self-representation.

"The *Sixth Amendment* does not provide merely that a defense shall be made for the accused;

it grants to the accused personally the right to make his defense." *Faretta v. California*, 422

U.S. 806, 819 (1975).  Like the right to the assistance of counsel, the right of self-

representation is not absolute.  "'[T]he government's interest in ensuring the integrity and

efficiency of the trial at times outweighs the defendant's interest in acting as his own

lawyer.'" *United States v. Frazier-El*, 204 F.3d 553, 559 (4th Cir. 2000) (quoting *United

States v. Singleton*, 107 F.2d 1091, 1102 (4th Cir. 1997)).

Because it necessarily entails a waiver of the right to counsel, a defendant's

invocation of his right of self-representation must be (1) clear and unequivocal; (2) knowing,

intelligent, and voluntary; and (3) timely. *Id.* at 558.  The requirement that a request for self-

representation be clear and unequivocal is of particular importance and is necessary for two

reasons.  First, it ensures that the defendant does not inadvertently waive his right to counsel.

6

*Id.* at 558–59.  This protection is important because "representation by counsel does not merely tend to ensure justice for the individual criminal defendant, [but also] marks the process as fair and legitimate." *Singleton*, 107 F.2d at 1102.  Second, it prevents a defendant from manipulating the trial process by taking advantage of the mutually exclusive nature of the right to the assistance of counsel and the right of self-representation. *Frazier-El*, 204 F.3d at 559.  Thus, "[i]n ambiguous situations created by a defendant's vacillation or manipulation, [the Court] must ascribe a 'constitutional primacy' to the right to counsel because this right serves both the individual and the collective good." *Id.*

Defendant states that "[i]f the constitutional rights set forth in the previous paragraphs are flouted, Defendant demands and claims his right to proceed pro se." (Mot. to Strike, ¶ 16.)  Defendant's statements make clear that he desires to have counsel represent him; he is simply unhappy with his current appointed counsel, Ms. Vidal.  Rather, he wishes to be represented by Mr. Stilley.  Only if he cannot be represented by Mr. Stilley does Defendant invoke his right of self-representation.  The Court has not yet ruled on Defendant's right to be represented by counsel of his choice, Mr. Stilley, because it has had no opportunity to do so.  As noted, Mr. Stilley has not submitted a valid application for admission *pro hac vice*.

Because his qualified statement is contingent upon him being denied Mr. Stilley as his attorney and the Court has not yet made any ruling with respect to Mr. Stilley's representation, Defendant's indication that he wishes to represent himself is not clear and unequivocal.  Accordingly, Defendant's motion to represent himself is denied.

7

**B.      Defendant's Right to Arraignment**

Defendant contends that the Court failed to arraign him as required by Rule 10 of the

Federal Rules of Criminal Procedure. (Mot. to Strike, ¶ 13.) Defendant demands a formal

arraignment by the Court "in full compliance with all provisions of the law and the rules."

(Mot. to Strike, ¶ 14.) An arraignment must be conducted in open court with the defendant

present and must consist of (1) ensuring that the defendant has a copy of the indictment; (2)

informing the defendant of the charges by either reading the indictment or stating the

substance of the charges to the defendant; and (3) asking the defendant to plead to the

indictment. Fed. R. Crim. Pro. 10.

At his arraignment on August 11, 2008, Defendant refused to cooperate during the

proceedings. He engaged in disruptive behavior and refused to follow the Court's

instructions. He refused to be sworn and refused to enter a plea. Nevertheless, Defendant

received a proper arraignment under Rule 10.

While his uncooperative nature prevented the Court from explicitly asking him or his

attorney whether he received a copy of the Indictment, it is clear to the Court that Defendant

received a copy of the Indictment before his arraignment as required by Rule 10(a)(1).

Defendant referenced specific language in the Indictment at his arraignment and in his

Motion for a Bill of Particulars, filed on July 22, 2008. Moreover, Defendant has a copy of

the Indictment bearing a printed time-stamp of July 10, 2008, prominently displayed on his

web site .[2]  Counsel for the United States placed the pertinent information related to the charges against Defendant on the record, including the nature of the offenses, the statutory provisions Defendant is alleged to have violated, and the maximum penalties for the offenses.  Because Defendant refused to enter a plea, the Court entered a plea of not guilty on his behalf pursuant to Rule 11(a)(4).

Defendant's arraignment on August 11, 2008, satisfies all of the requirements established in Rule 10.  He has been adequately informed of the charges against him and a plea of not guilty was entered on his behalf.  Accordingly, his motion for a second arraignment will be denied.

C.    **Defendant's Right to Speedy Trial**

Defendant also demands "full and technical compliance with the Speedy Trial Act as well as the constitutional right to speedy trial."  Generally, the Speedy Trial Act provides a trial within seventy days of indictment or initial appearance, whichever occurs later.  18 U.S.C. § 3161(c).  Defendant's initial appearance was continued from July 25, 2008, to August 11, 2008, because of a dispute over Defendant's chosen counsel.  At Defendant's arraignment on August 11, 2008, the government stated—and the defense agreed—that the speedy-trial period should run from August 11, 2008, not July 25, 2008.  Moreover, the Court found that the speedy-trial period should run from August 11, 2008, to serve the ends of justice.  *See* 18 U.S.C. § 3161(h)(8)(A).

---

[2]http://friendsofrogermenner.com/uploads/1-1_Indictment.pdf.

Defendant's trial is scheduled to begin on October 20, 2008—seventy days from his initial appearance on August 11, 2008.  Accordingly, Defendant has been afforded his rights provided by the Constitution and the Speedy Trial Act.

_____/s/_____

Henry E. Hudson
United States District Judge

Date: _Sept. 25, 2008_
Richmond, VA