IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:08CR322-HEH |
| ) | |
| ROGER C. MENNER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
(Government's Motion for Upward Departure or Variance)

On October 23, 2008, following a four-day trial with a jury, the defendant, Roger Charles Menner, was convicted of five counts of making and subscribing a false income tax return, and one count of obstructing and impeding the administration of the Internal Revenue Code. The Court deferred sentencing pending the preparation of a Presentence Investigation Report ("PSR"). In computing the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), the probation officer determined that the defendant had a total offense level of 18, a criminal history category of I, and a resulting sentencing range of 27-33 months. The United States has now filed a motion seeking an upward variance or departure, based principally on the calculated Guidelines' under-representation of the seriousness of the defendant's criminal history and the likelihood that he will continue to disobey the Internal Revenue laws.[1] The Court heard oral argument at the defendant's sentencing hearing on February 20, 2009.

---

[1] The Court had independently notified the parties that a possible upward variance was being contemplated in this case.

In reviewing the government's motion, the Court is guided by the analytical framework articulated by the United States Court of Appeals for the Fourth Circuit in *United States v. Rybicki*, 96 F.3d 754, 757-58 (4th Cir. 1996), *United States v. Bonetti*, 277 F.3d 441, 449 (4th Cir. 2002), and *United States v. Dalton*, 477 F.3d 195, 198-200 (4th Cir. 2007), as supplemented by the teachings of *United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006).

Following the established regimen, this Court begins its analysis by reviewing the circumstances and consequences of the offense. The Court has reviewed its notes from the four-day jury trial, the PSR, and the memoranda filed by counsel. Based on the defendant's twenty-year history of calculated, willful tax evasion, his resistance to court orders directing compliance with the tax laws, and his clearly demonstrated refusal to respect the tax laws of the United States after two periods of incarceration, this Court concludes that the facts and circumstances of this case are atypical and clearly take the case out of the applicable Guidelines' heartland.

The evidence adduced at trial indicated that the defendant has not filed a good faith tax return since 1985. In 1998, after a number of contacts with the Internal Revenue Service ("IRS") and the Virginia Department of Taxation attempting to coerce compliance, the defendant was charged with, and ultimately convicted of, five counts of willful failure to file a tax return (for the years 1991-1995), in violation of 26 U.S.C. § 7203. He was sentenced to fifteen months of confinement, followed by supervised release. Undeterred, upon his release, the defendant refused to file lawful tax returns, as directed by the court, or

to follow the instructions of his supervising probation officer. Consequently, the Court found the defendant in violation of the conditions of his supervised release and sentenced him to an additional three months of confinement. This failed to check the defendant's defiance of the Internal Revenue laws. He continued to file false tax returns and actively obstructed and impeded the IRS in calculating and collecting his tax obligations. The defendant continued to spar with the IRS over such well-settled issues as the government's constitutional authority to levy a tax on his wages and whether his wages were income under the Internal Revenue Code.

The immediate offenses before the Court were committed while he was on supervised release for his 1998 convictions for failing to file tax returns. In this Court's view, a total offense level of 18, criminal history category I, and sentencing range of 27-33 months, significantly under-represents the seriousness of the defendant's criminal history and the likelihood that he will continue his campaign of defiance of the U.S. tax laws.

The Court notes that the Guidelines authorize and encourage departures based on substantial under-representation of a defendant's criminal history. U.S.S.G. § 4A1.3(a)(1) provides that

> [i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted.

U.S.S.G. § 4A1.3(a)(1).

Following *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), imposing a

sentence under the advisory Guidelines is a multi-step process. *See United States v. Moreland*, 437 F.3d at 432. The Court must initially determine, after making appropriate findings of fact, the applicable Guidelines range. The Court should then consider whether a sentence within that range "serves the factors set forth in Section 3553(a), and if not, select a sentence that does serve those factors." *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006). For the reasons stated above, the Court is of the opinion that a sentence within the range of 27-33 months fails to serve the factors set forth in § 3553(a). A sentence in that range, based upon the defendant's sustained history of disobeying the nation's tax laws, fails to promote respect of the law, provide for deterrence, and properly account for the nature and circumstances of the underlying offense.

In selecting a sentence outside the advisory Guidelines range, the Court should first consider whether appropriate grounds for departure exists. *United States v. Davenport*, 445 F.3d 366, 370 (4th Cir. 2006). When "an appropriate basis for departure exists, the district court may depart." *Moreland*, 437 F.3d at 432. For the reasons stated above, this Court believes that an appropriate ground for departure exists.

The methodology to be applied by a sentencing court in structuring an upward departure is now well settled in the Fourth Circuit. *See United States v. Dalton*, 477 F.3d 195, 197 (4th Cir. 2007). A court should move to successively higher levels only upon finding that the prior level does not provide a sentence that adequately reflects the seriousness of the defendant's criminal conduct. *Id.* at 199. As the court pointed out in *Dalton*, this does not require a sentencing judge "to move only one level, or to explain its

4

rejection of each and every intervening level." *Id* (citations omitted).

In assessing the appropriate range of punishment in this case, this Court has incrementally reviewed the sentencing ranges provided in both offense levels 18 and 19 and found them to be inadequate. These levels fail to reflect the defendant's course of conduct spanning a period of approximately twenty-four years. Aside from the defendant's five prior convictions for failing to file tax returns, he has repeatedly thwarted the efforts of the IRS and the Virginia Department of Taxation in calculating and collecting the tax due. Even after being specifically directed by a U.S. District Judge and a U.S. probation officer to file properly calculated tax returns, he has steadfastly refused to do so. He currently owes the IRS approximately $120,000.

Moreover, during his testimony at trial, he testified that he still does not believe that he is subject to the tax laws of the United States. The Court is mindful that in reviewing the adequacy of a defendant's criminal history category, the Court may consider prior similar adult conduct not resulting in a criminal conviction. *See U.S.S.G.* §4A1.3(a)(2)(A), (E). This Court therefore finds that an offense level of 20 is appropriate in this case.

The Court, however, does not believe that sentencing at a total offense level of 20, criminal history category I (33-41 months) appropriately serves the factors set forth in 18 U.S.C. § 3553(a). Therefore, the Court believes that a further variance is necessary. *United States v. Davenport*, 445 F.3d 366, 370 (4th Cir. 2006).

In identifying a sentence that is adequate, but not longer than necessary, to achieve the objectives of 18 U.S.C. § 3553(a), this Court has incrementally considered each

criminal history category on the horizontal axis of offense level 20. The defendant in this case received no criminal history points for his five prior convictions for willful failure to file an income tax return, his violation of the conditions of supervised release, by willfully refusing to follow the judge's specific instructions to file accurate income tax returns, and by committing the offenses currently before the Court while on supervised release. The defendant's attitude and conduct are virtually unprecedented.

In determining the appropriate criminal history category on total offense level 20, this Court is guided by the factors articulated in § 3553(a). Critical to the immediate analysis is promoting respect for the law and deterrence. Prior periods of incarceration have had no impact or influence on this defendant. The nature and circumstances of the offense also reveal an atypical degree of contempt for the laws of the United States, the instructions of his U.S. probation officer, and the U.S. District Court. Consequently, this Court believes that criminal history category IV, offense level 20, provides a sentencing range that is adequate, but not longer than necessary, to achieve the objectives of 18 U.S.C. § 3553(a), namely 51-63 months.

In identifying a sentence within the Guidelines range of 51-63 months, the Court is mindful that the result exceeds the individual maximum statutory penalty for each of the offenses of conviction. This does not pose a legal obstacle. Under the Guidelines, the offenses of conviction are grouped for the purpose of calculating the offense level, based on relevant conduct, unless Congress dictates that separate sentences be imposed. *See U.S.S.G.* §§ 3D1.1-3D1.4. The grouping rules, however, apply only to offense level

computations, not to the other components of the sentencing process. *United States v. Chase*, 296 F.3d 247, 250-51 (4th Cir. 2002).

> The choice between concurrent and consecutive sentences arises later, when the court imposes a specific sentence. The court must select an appropriate term of imprisonment by consulting the sentencing table set forth in Chapter 5, Part A, which prescribes a guideline range based on the defendant's final offense level and criminal history category. The court must then refer to the "stacking" rule, § 5G1.2, if (i) the defendant has been convicted of multiple offenses and (ii) the "total punishment"--i.e., the point within the guideline range designated by the district court as the appropriate term of imprisonment--exceeds the statutory maximum for the offense carrying the greatest penalty. In that event, the court must impose consecutive sentences "to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d).

*Id.*

Although the court was required under the Guidelines to group the defendant's offenses of conviction for the purpose of calculating his offense level, they will be de-grouped, and consecutive sentences will be imposed in order to achieve an aggregate sentence in the 51-63 month range. *See U.S.S.G.* § 5G1.2(d).

                                                       /s/
                                                Henry E. Hudson
                                                United States District Judge

Date: Feb 26 2009
Richmond, VA